UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61565-BLOOM/Otazo-Reyes

JUNIOR GALETTE,

    Plaintiff,
v.

ROGER GODELL, *et al.*,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Dismiss filed by Defendants Cleveland Browns, Kansas City Chiefs, Seattle Seahawks, Washington Commanders, Carolina Panthers, Las Vegas Raiders, Los Angeles Rams, and Roger Goodell (collectively, "the Teams"), ECF No. [57] (the "Teams' Motion"); and the Motion to Dismiss filed by Defendant National Football League Players Association ("NFLPA"), ECF No. [58] (the "NFLPA's Motion"). Plaintiff Junior Galette ("Galette") filed a Response to the Teams' Motion. ECF No. [59]. The Teams and the NFLPA filed Replies, ECF Nos. [63], [64]. Galette filed an unauthorized Sur-reply, ECF No. [65]. *See* S.D. Fla. Local Rule 7.1(c)(1) (prohibiting the filing of sur-replies "without prior leave of Court"). The Court has considered the Motions, the supporting and opposing filings, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendants' Motions are granted.

**I.    BACKGROUND**

On August 23, 2022, Plaintiff Junior Galette filed his Complaint against NFL Commissioner Roger Goodell, the NFLPA, and the seven NFL teams listed above. ECF No. [1]. Therein, he alleged that he was a Black football player with the team formerly known as the

Washington Redskins, currently known as the Washington Commanders. *Id*. ¶ 10. He asserted violations of the 1866 Civil Rights Act (Count I), his Freedom of Speech rights (Count II), and a provision of the NFL-NFLPA Collective Bargaining Agreement ("CBA") (Count III). *Id*. ¶¶ 62-64.

On December 30, 2022, the Court dismissed Galette's Complaint. *See* Order on Motions to Dismiss, ECF No. [48]. The Court concluded that Counts I and II of Galette's Complaint were deficient under Rule 12(b)(6) and Count III was subject to a mandatory arbitration provision within the CBA. *See generally id*. The Court granted Galette leave to amend Counts I and II. *Id.* at 13.

On January 17, 2023, Galette filed an Amended Complaint, ECF No. [49], which the Court dismissed *sua sponte* for failing to comply with the Court's instruction to omit Count III. ECF No. [54].

On January 25, 2023, Galette filed his Second Amended Complaint ("SAC"). ECF No. [55]. In their Motion, the Teams argue that the SAC fails to cure any of the deficiencies noted in the Court's prior Order dismissing Galette's original Complaint. *See generally* ECF No. [57]. The NFLPA makes similar arguments and additionally argues that "neither of Mr. Galette's Counts has anything to do with the NFLPA[.]" ECF No. [58] at 2.

Galette's Response is essentially a reiteration of allegations within his SAC and an *ad hominem* attack on opposing counsel. *See generally* ECF No. [59]. In Reply, the Teams argue that "[n]othing in [Galette]'s opposition addresses the Court's concerns or hints that another attempt to plead a claim would be fruitful." ECF No. [63]. The NFLPA additionally points out that Galette's Response contains only a single line referring to the NFLPA, thus supporting the NFLPA's argument that it has nothing to do with Galette's claims. ECF No. [64].

## II.     LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (citing *Twombly*, 550 U.S. at 555)). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

When reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." (citations omitted)). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

As noted above, Galette's SAC consists of two Counts: the 1866 Civil Rights Act (Count I), and Freedom of Speech (Count II).

Beginning with Count I, the Court again infers that Galette is attempting to assert a claim of racial discrimination under 42 U.S.C. § 1981. *See* ECF No. [48] at 9-10 (deciphering Galette's claim that is ostensibly brought under sections 1-2 of the 1866 Civil Rights Act). In his SAC, Galette asserts that his original (dismissed) Complaint contained ample proof that Galette's former White teammate was an inferior football player who received a better offer than Galette. ECF No. [55] ¶ 2. Galette asserts that the Washington Commanders violated his rights by offering him "a two year deal worth 4 million[.]" *Id.* ¶ 5. He asserts that the other NFL teams discriminated against him through unspecified acts of retaliation. *Id.* ¶ 6. Lastly, he asserts that the NFLPA failed to defend his rights. *Id.* ¶ 7.

As the Teams correctly point out, Galette has failed to cure any of the five deficiencies that this Court previously noted regarding Count I of Galette's original Complaint. *See* ECF No. [57] at 3. The allegations within the SAC are even more conclusory than those within the original Complaint. In essence, Galette is claiming that all Defendants are liable for discriminating against him because, whereas Galette received a mere "4 million" offer from the Washington Commanders, Galette's inferior White teammate received a better offer from an unidentified team.[1] ECF No. [55] ¶ 5. Even accepting Galette's allegations as true, they fail to state a claim for relief because, among other reasons previously discussed, they fail to specify a discriminatory act taken by a Defendant. *See* ECF No. [48] at 10-11. Count I is again subject to dismissal.

---

[1] In Galette's original Complaint, he identifies the team that signed Galette's former White teammate as the Buffalo Bills. *See* ECF No. [1] ¶ 10. The Buffalo Bills is not a named Defendant in this case.

Turning to Count II, Galette asserts that his "guaranteed right to freedom of speech and freedom of the press" were violated when the Washington Commanders rescinded its offer to Galette because he exercised his right to free speech. ECF No. [55] ¶ 10. The other teams violated his rights because "no one would dare hire" him. *Id.* ¶ 13.

As the Teams correctly point out, ECF No. [57] at 4, Galette has failed to cure the primary deficiency the Court identified within Count II of Galette's original Complaint: It lacks a credible allegation of state action. ECF No. [48] at 11-12. Count II is again subject to dismissal.

Having found that Counts I and II fail to state a claim for relief, the remaining issue is whether Galette should be granted leave to amend. Although leave to amend "should be freely given," a court may deny leave when amendment would be "futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (quotation marks omitted). As Defendant Teams correctly note, ECF No. [57] at 1, Galette has had three opportunities to state a claim, but has been unable to do so, despite specific instructions from the Court regarding the claims' deficiencies. The Court concludes that further amendment would be futile.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Teams' Motion to Dismiss, **ECF No. [57]**, is **GRANTED**.

2. The NFLPA's Motion to Dismiss, **ECF No. [58]**, is **GRANTED**.

3. The Second Amended Complaint, **ECF No. [55]**, is **DISMISSED WITH PREJUDICE**.

4. All other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

5. The Clerk of Court is directed to **CLOSE** this case.

Case No. 22-cv-61565-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**


Copies to:

Counsel of Record

AlphaLives@yahoo.com