# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 07, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ____JG____ D.C.
Dec 7, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-10896-A
Case Style: Junior Galette v. Roger Goodell, et al
District Court Docket No: 0:22-cv-61565-BB

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10896

_____

JUNIOR GALETTE,

                                              Plaintiff-Appellant,

*versus*

ROGER GOODELL,
SEATTLE SEAHAWKS,
LOS ANGELES RAMS,
LAS VEGAS RAIDERS,
CLEVELAND BROWNS FOOTBALL COMPANY, LLC, et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61565-BB

_____

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 3 of 15
USCA11 Case: 23-10896   Document: 26-2   Date Filed: 12/07/2023   Page: 2 of 2

2                                                                    23-10896

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: November 8, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE:  December 7, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-10896

Non-Argument Calendar

_____

JUNIOR GALETTE,

                                      Plaintiff-Appellant,

versus

ROGER GOODELL,
SEATTLE SEAHAWKS,
LOS ANGELES RAMS,
LAS VEGAS RAIDERS,
CLEVELAND BROWNS FOOTBALL COMPANY, LLC, et al.,

                                      Defendants-Appellees.

_____

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 5 of 15
USCA11 Case: 23-10896   Document: 24-1   Date Filed: 11/08/2023   Page: 2 of 10

2                        Opinion of the Court                    23-10896

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61565-BB

_____

Before NEWSOM, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Junior Galette, a former professional football player, appeals the district court's dismissal of his *pro se* second amended complaint against seven constituent teams of the National Football League ("NFL"), the NFL's Commissioner Roger Goodell, and the NFL Players Association ("NFLPA"). The district court dismissed Galette's second amended complaint with prejudice because, despite being given an opportunity to fix pleading deficiencies, Galette still failed to allege facts sufficient to plausibly state a claim. After review, we affirm.

## I. BACKGROUND FACTS

**A. Original Complaint**

In August 2022, Galette, proceeding *pro se*, filed his original complaint. In addition to the NFLPA and Goodell, Galette named as defendants: (1) the Seattle Seahawks, (2) the Los Angeles Rams, (3) the Las Vegas Raiders, (4) the Cleveland Browns, (5) the Kansas City Chiefs, (6) the Carolina Panthers, and (7) the Washington Football Team (formerly known as the Redskins and now known as the Commanders). We refer to the Washington Football Team as the Washington Redskins given that was its name at the time of the relevant events.

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 6 of 15
USCA11 Case: 23-10896   Document: 24-1   Date Filed: 11/08/2023   Page: 3 of 10

23-10896                Opinion of the Court                3

We recount the factual allegations. Galette's original complaint alleged that in March 2018, the Buffalo Bills signed his former white teammate on the Washington Redskins, Trent Murphy, to a three-year deal worth up to $30 million. Murphy "played behind" Galette in the same position but had not played in 2017 due to an injury. Meanwhile, the Redskins offered Galette, who is African American, a two-year, $4 million contract, even though Galette was healthy and coming off a strong 2017 season. Shortly after Galette complained about the Redskins's offer on social media, calling it a "slave deal," the Redskins withdrew the offer without explanation.

Over the next few months, Galette spoke to, met with, and worked out for other NFL teams, including the teams named as defendants. However, the only offers Galette received were for "veteran's minimum" contracts of $660,000. Hoping for something better, Galette did not take the first such offer made by the Oakland Raiders. Later, Galette decided to accept a similar offer from the Los Angeles Rams. But when he flew to Los Angeles to practice with the team, Galette was told there had "been a change of plans," and he was taken back to the airport. Unable to play in the NFL, Galette believed that he was blacklisted by the NFL owners, "just like Colin Kaepernick," in retaliation for complaining about the Washington Redskins's racially discriminatory offer.

Galette's *pro se* complaint alleged that all of the defendants: (1) discriminated against him based on his race, in violation of 42 U.S.C. § 1981 (Count I); (2) violated his free speech rights under the U.S. Constitution and the constitutions of Florida and Virginia (Count II); and (3) conspired to breach the anti-discrimination

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 7 of 15
USCA11 Case: 23-10896   Document: 24-1   Date Filed: 11/08/2023   Page: 4 of 10

4               Opinion of the Court                  23-10896

provision in the NFL-NFLPA collective bargaining agreement ("CBA") (Count III).[1]

### B.   Dismissal of Original and First Amended Complaints

The defendants moved to dismiss Galette's original complaint under Federal Rule of Civil Procedure 12(b)(1) and (6) and attached excerpts from the 2011 and 2020 CBA. The district court granted in part and denied in part the defendants' motions.

The district court dismissed Count III with prejudice because Galette's CBA claim was subject to the CBA's mandatory arbitration clause. As to Counts I and II, the district court identified numerous pleading deficiencies but determined they were not insurmountable. Therefore, the district court dismissed Counts I and II with leave for Galette to file an amended complaint that cured those deficiencies and that omitted Count III. The district court warned Galette that failure to comply with its order would result in *sua sponte* dismissal.

Galette filed an amended complaint that, despite the district court's instructions, included allegations as to Count III. The district court *sua sponte* dismissed Galette's amended complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with its prior order. The district court granted Galette leave to file a second amended complaint that complied with its prior order.

---

[1] Count I of Galette's complaint alleged the defendants violated §§ 1 and 2 of the Civil Rights Act of 1866. The district court found that the "essence of Count I" was that Galette's former, white teammate was offered a better contract even though Galette was an equal or better player. The district court therefore liberally construed Count I as alleging a claim under 42 U.S.C. § 1981 because it is where the relevant portion of the Civil Rights Act of 1866—prohibiting race discrimination in contracts—is now codified.

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 8 of 15
USCA11 Case: 23-10896   Document: 24-1   Date Filed: 11/08/2023   Page: 5 of 10

23-10896                Opinion of the Court                5

### C.     Dismissal of Second Amended Complaint

Galette then filed his second amended complaint, which was far from a model of clarity. Rather than replead the facts and counts, Galette merely set out his "response and amendment to" Counts I and II and referred back to his original complaint several times. Galette also alleged as to Count I that the defendant NFLPA was aware of NFL owners' and general managers' acts of discrimination and retaliation and had a contractual obligation to defend his rights, but failed to do so.

The defendants again moved to dismiss under Rule 12(b)(6), arguing that Galette did not cure the pleading deficiencies identified by the district court and still failed to state a plausible claim. The NFLPA also argued that to the extent Galette sought to assert a new claim that it breached the duty of fair representation, the second amended complaint's allegations were wholly conclusory, and the claim was untimely.

The district court granted the defendants' motions and dismissed Galette's second amended complaint with prejudice. After discussing the pleading standards of Rules 8(a)(2) and 12(b)(6), the district court concluded as to Count I that Galette "failed to cure any of the five deficiencies that this Court previously noted regarding Count I of Galette's original Complaint." The district court found the second amended complaint's allegations of race discrimination "even more conclusory than those within the original Complaint." The district court stressed that the second amended complaint alleged that *all* defendants were liable for discrimination based on the Washington Redskins's less lucrative offer than the offer given to an inferior white teammate by a team (the Buffalo Bills) that was not a defendant. The district court concluded that these allegations, even if true, failed to state a claim

Case 0:22-cv-61565-BB Document 73 Entered on FLSD Docket 12/08/2023 Page 9 of 15
USCA11 Case: 23-10896 Document: 24-1 Date Filed: 11/08/2023 Page: 6 of 10

6                            Opinion of the Court                           23-10896

"because, among other reasons previously discussed, they fail to specify a discriminatory act taken by a Defendant."

As to Galette's free speech claim in Count II, the district court again concluded the second amended complaint "failed to cure the primary deficiency" identified in the original complaint, namely it lacked "a credible allegation of state action." Because Galette was given specific instructions about these pleading deficiencies and yet was unable to cure them, the district court determined "that further amendment would be futile." This appeal followed.

## II. DISCUSSION

### A. General Principles

Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (stating that under the *Twombly-Iqbal* plausibility standard, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory").

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 10 of 15
USCA11 Case: 23-10896    Document: 24-1    Date Filed: 11/08/2023    Page: 7 of 10

23-10896               Opinion of the Court                        7

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. Although *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).[2]

An appellant, even a *pro se* appellant, who fails to brief adequately an issue by "plainly and prominently" raising it in his opening brief, abandons that claim. *See Sapuppo v. Allstate Floridan Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Although we liberally construe a *pro se* litigant's pleadings, we still require conformity with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).

B.     **Galette's Preserved Claims on Appeal**

On appeal, Galette's *pro se* opening brief primarily attacks the district court's dismissal order on grounds that wholly lack

---

[2] We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021). In reviewing the dismissal, "[w]e accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Id*.

Case 0:22-cv-61565-BB Document 73 Entered on FLSD Docket 12/08/2023 Page 11 of 15
USCA11 Case: 23-10896 Document: 24-1 Date Filed: 11/08/2023 Page: 8 of 10

8      Opinion of the Court      23-10896

merit and warrant little discussion. The grounds include that: (1) the defendants' motions to dismiss constituted inadmissible hearsay and violated the prohibition against an attorney acting as a witness because they were prepared by the defendants' attorneys; (2) the defendants' motions to dismiss failed to rebut or dispute his complaint with admissible evidence, such as depositions or affidavits; (3) the district court's dismissal order violated his constitutional right to a jury trial; and (4) the district court violated his due process rights by not being impartial.

Many of these arguments misunderstand the role of the Rule 12(b)(6) motion in federal civil litigation. At the motion-to-dismiss stage, the district court does not evaluate any evidence or determine whether there is a factual dispute between the parties that a jury must decide. Instead, both the defendant moving to dismiss and the district court accept the plaintiff's factual allegations in the complaint as true, and the district court merely determines whether those allegations are sufficient to state a claim for relief.

Thus, the statements in a defendant's motion to dismiss do not constitute evidence, much less hearsay evidence, and the attorney drafting the motion is not acting as a witness. Moreover, a district court's proper dismissal of a complaint under Rule 12(b)(6) does not violate a plaintiff's constitutional right to a jury trial. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919-20 (11th Cir. 2018) (holding that a grant of summary judgment under Rule 56 does not violate the Seventh Amendment even though it prevents the parties from having a jury rule upon the facts); *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004) (explaining that a plaintiff had no right to a jury trial when no factual dispute existed for a jury to resolve).

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 12 of 15
USCA11 Case: 23-10896    Document: 24-1    Date Filed: 11/08/2023    Page: 9 of 10

23-10896               Opinion of the Court                    9

As to Galette's bald assertion that the district court was not impartial and was a "co-opted judge," a district court's adverse rulings alone are insufficient to demonstrate the court's partiality absent a showing of pervasive bias. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Galette does not point to anything in the record demonstrating bias, let alone pervasive bias, on the part of the district court.

Liberally construed, Galette's opening brief also argues that the district court erred in dismissing his "duty to defend" claim against the NFLPA. Galette argues that the NFLPA had "a contractual obligation and duty to defend [his] rights . . . and failed to do so."

The district court did not err in dismissing this claim. Mixed in with his racial discrimination claim in Count I, Galette's second amended complaint states in passing that the NFLPA was aware of the NFL defendants' actions and failed to defend his rights. This threadbare allegation does not provide fair notice to the NFLPA under Rule 8(a)(2) of a separate claim for breach of the duty of fair representation under the National Labor Relations Act. *See Twombly*, 550 U.S. at 555.

### C.    Galette's Abandoned Claims

Importantly, Galette's opening brief does *not* challenge the district court's rulings that his second amended complaint failed to allege sufficient facts to state a plausible claim of racial discrimination under § 1981 or for the violation of his free speech rights under either federal or state law. Indeed, apart from conclusory references to the violation of his rights under the U.S. Constitution, the constitutions of all fifty states, and the Civil

Case 0:22-cv-61565-BB   Document 73   Entered on FLSD Docket 12/08/2023   Page 13 of 15
USCA11 Case: 23-10896   Document: 24-1   Date Filed: 11/08/2023   Page: 10 of 10

10                    Opinion of the Court                    23-10896

Rights Act of 1866, Galette's brief fails to raise any argument on appeal expressly challenging the merits of the district court's dismissal order.

Even construing Galette's brief liberally, as we do with *pro se* litigants, these conclusory statements, without more, do not plainly and prominently raise any issue as to the district court's dismissal of Counts I and II. At best, they are "passing references," raising claims in a "perfunctory manner without supporting arguments and authority." *See Sapuppo*, 739 F.3d at 681-82. Accordingly, Galette has abandoned any issue as to the district court's dismissal of Counts I and II for failure to plausibly state a claim. *See id.* at 681.

Galette's brief makes no mention at all of the district court's dismissal of Count III in his original complaint. Therefore, he also abandoned any challenge to that ruling.

### III.  CONCLUSION

For all these reasons, Galette has shown no reversible error in the district court's Rule 12(b)(6) dismissal of his second amended complaint for failure to state a claim.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 08, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10896-A
Case Style: Junior Galette v. Roger Goodell, et al
District Court Docket No: 0:22-cv-61565-BB

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>each party to bear own costs</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at [www.ca11.uscourts.gov.](http://www.ca11.uscourts.gov)

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs